UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TYQUAN JOHNSON,

        Plaintiff,

vs.                                                    DECISION AND ORDER
                                                          17-CV-6229 CJS

THE CITY OF ROCHESTER and
DANIEL R. RIZZZO,

        Defendants.

_____

**Siragusa, J.** Before the Court is Plaintiff's motion seeking summary judgment. For the reasons stated below, the application is denied, and his purported second amended complaint is stricken.

### STANDARD OF LAW

*Summary Judgment*

Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, … demonstrate the absence of a genuine issue of material fact," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), and "the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a) (2015). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir. 1996) (citation omitted).

The burden then shifts to the non-moving party to demonstrate specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). To do this, the non-moving party must present evidence sufficient to support a jury

verdict in its favor. *Id.* at 249. "[F]actual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial." *Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996). Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993). The parties may only carry their respective burdens by producing evidentiary proof in admissible form. Fed. R. Civ. P. 56(c)(1). The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

## ANALYSIS

### *Procedural History of This Case*

Plaintiff filed a complaint on April 12, 2017, which the Court screened. The Court granted him *in forma pauperis* relief and ordered him to file an amended complaint because his original one contained only conclusory allegations in support of his excessive force and unlawful arrest claims. Order, Sept. 15, 2017, ECF No. 6. On October 12, 2017, Plaintiff filed an amended complaint, ECF No. 7, and the Court, in an Order entered on January 22, 2018, ECF No. 8, permitted his excessive force claim to go forward, and substituted the City of Rochester for the Rochester Police Department as a defendant. The Court referred the case for discovery to the Honorable Jonathan W. Feldman, U.S. Magistrate Judge, and Judge Feldman held a scheduling conference and issued a scheduling order. Scheduling/Case Management Order, Jul. 12, 2018, ECF No. 18. Per that order, discovery is completed, and dispositive motions were due by February 11, 2019.

Plaintiff filed a motion which he described as one for summary judgment on September 4, 2018, ECF NO. 21, and filed a purported amended complaint, ECF No. 20, on the same day. The Court issued a motion scheduling order on September 19, 2018, ECF No. 22, setting

2

October 17, 2018, as the date by which Defendants needed to respond to Plaintiff's motion.

To date, Defendants have filed no response.

### *Plaintiff's Summary Judgment Application*

Plaintiff's unopposed motion, ECF No. 21, appears to ask for the following relief:

> C. An order for the court dismissing defendants, ruling in plaintiff, favor on the ground that plaintiff was physically assaulted sustaining injuries from defendant prior to being falsely arrested, on charges later dismissed and sealed upon termination of criminal action of the accused CPL160.50.

Notice of Motion for Summary Judgment Statements of Fact Pursuant to Fed. R. Civ. P. 56 at 2, ECF No. 21. However, in his Affidavit in Support of Motion for Summary Judgment Statements of Facts Pursuant to Fed. R. Civ. P. 56 ("Plaintiff's Statement"), he states: "The plaintiff submits that pursuant to Fed. R. Civ. P. 56, of the Civil Procedure that the judgment should rule in the plaintiff's favor on various grounds." *Id*. ¶ 7. As for non-conclusory factual contentions, from his statement the Court gleans the following:

> [P]laintiff [] was not under arrest during the time of the chase for Officer Rizzo, badge number 2330 to provide status of arrest to plaintiff; Plaintiff fled the scene of the car crash with Officer Rizzo in pursuit, following behind plaintiff; Officer Rizzo made false allegations; he or officer's [sic] of the City [o]f Rochester did not issue the traffic ticket or any written report regarding the traffic stop to plaintiff, our [sic] the court; plaintiff being stroked on the middle back of his right arm and lower right side o[n] his back. Officer Rizzo strikes plaintiff a third time tasing plaintiff on the ground before him; and [t]he Addendum Report was the only evidence connecting plaintiff to the crime scene involving a robbery which Officer Rizzo stated.

Plaintiff's Statement.

> Where, as here, the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right "to be secure in their persons . . . against unreasonable . . . seizures" of the person."

*Graham v. Connor*, 490 U.S. 386, 394 (1989). Seizures such as the one at issue here are analyzed under the "reasonableness" standard of the Fourth Amendment.

> Because "[t]he test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," *Bell* v. *Wolfish*, 441 U.S. 520, 559 (1979), however, its proper application requires careful attention

3

> to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. See *Tennessee* v. *Garner*, 471 U.S., at 8-9 (the question is "whether the totality of the circumstances justifie[s] a particular sort of . . . seizure").

*Id.* at 396. Plaintiff's statements do not support a judgment against Defendants for the use of excessive force.

### *Plaintiff's Purported Second Amended Complaint*

Turning to Plaintiff's purported second amended complaint, ECF No. 20, it was filed on September 4, 2018, four and a half months (138 days) after Defendants had answered the first amended complaint on April 19, 2018. Moreover, Judge Feldman's scheduling order set August 31, 2018, as the date by which any motion to amended complaint could be filed. Thus, both pursuant to Federal Rule of Civil Procedure 15, and 16, the purported second amended complaint was improperly filed and cannot be considered.

## CONCLUSION

For the reasons stated above, Plaintiff's application for summary judgment, ECF No. 21, is denied. Further, the Court directs the Clerk to strike the purported second amended complaint, ECF No. 20.

Because discovery is now closed, and the date has passed for dispositive motions, this matter is ready for trial. The Court will issue a pretrial order and set a date for a pretrial conference by separate order.

DATED: July 22, 2019
Rochester, NY

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge